UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | NO. 1:12-CV-6006-TPG |
| v. ) | |
| ) | |
| PRL USA HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF PLAINTIFF ROLEX'S MOTIONS
TO DISMISS DEFENDANT PRL'S COUNTERCLAIM
AND FOR SUMMARY JUDGMENT ON
COUNT II OF ROLEX'S AMENDED COMPLAINT

Kathleen E. McCarthy (KM-9219)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
212-556-2345
kmccarthy@kslaw.com

*Attorneys for Plaintiff*
*Rolex Watch U.S.A., Inc.*

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ...................................................................................................1

ARGUMENT AND CITATION OF AUTHORITIES ................................................................6

I. PRL'S DECLARATORY JUDGMENT COUNTERCLAIM
   SHOULD BE DISMISSED BECAUSE IT SEEKS
   AN IMPROPER ADVISORY OPINION. .......................................................................6

   A. PRL Cannot Meet Its Burden to
      Establish Declaratory Judgment Jurisdiction. .....................................................6

   B. PRL Has No Plans to Use the
      Relevant Marks on Relevant Goods. ..................................................................8

   C. PRL's Counterclaim Asks the Court
      for an Improper Advisory Opinion. ..................................................................11

   D. The Court Should Decline to Exercise
      Jurisdiction over PRL's Counterclaim. .............................................................13

II. ROLEX IS ENTITLED TO SUMMARY JUDGMENT ON
    ITS CLAIM THAT PRL LACKED A BONA FIDE INTENT
    TO USE THE RLX RALPH LAUREN AND RALPH LAUREN RLX
    MARKS AT THE TIME IT FILED ITS APPLICATIONS. ........................................14

CONCLUSION ............................................................................................................................17

Plaintiff ROLEX WATCH U.S.A., INC. ("Plaintiff" or "Rolex") submits this memorandum of law in support of its motions (1) under FED. R. CIV. P. 12(b)(1) to dismiss the Counterclaim filed on January 27, 2014 by Defendant PRL USA HOLDINGS, INC. ("Defendant" or "PRL") for lack of subject matter jurisdiction; and (2) under FED. R. CIV. P. 56 for summary judgment on Count II of Rolex's Amended Complaint.

Rolex addresses its two motions in one brief because both motions seek relief that flows logically from common undisputed facts: PRL has had no past plans and has no current plans for production of any watch or jewelry products using the marks at issue. As a result, PRL's counterclaim for a declaratory judgment is an improper request for an advisory opinion over which the Court has no jurisdiction. And, also as a result, PRL's trademark applications are void for a lack of a bona fide intent to use the marks at the time of filing, and the Trademark Office's decision dismissing Rolex's Opposition should therefore be vacated and reversed.

## FACTUAL BACKGROUND

Plaintiff Rolex is the exclusive importer and distributor of ROLEX watches in the United States and has sold watches bearing the ROLEX trademark in the United States for nearly one hundred years. *See* Local Rule 56.1 Statement of Undisputed Facts ("Undisputed Facts") at ¶ 1. As a result of the extensive sales, promotion, advertising and marketing over many decades, and due to the high quality of the products, the ROLEX trademark is unquestionably famous. As noted by the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO"), "the mark ROLEX is famous and should be afforded a broad scope of protection." *See id*. at ¶ 2.

Defendant PRL owns the mark RALPH LAUREN.  *See id*. at ¶ 5.  PRL also uses the mark "RLX" on a line of clothing that is comprised of clothing, hats, shoes and sunglasses and is directed to outdoor activities, sports and athletics.  PRL has sold RLX clothing since 1998 and has one U.S. trademark registration for the mark RLX for clothing in Class 25.  *See id*.

This dispute arose over eight years ago, after PRL filed a trademark application claiming an intent to extend use of its RLX clothing mark to watches and jewelry, among other items.  In January of 2006, prior to filing its opposition to the RLX mark, Rolex notified PRL of its objection to PRL's use or registration of the mark RLX in International Class 14, the classification of goods that covers watches and jewelry, because PRL's mark RLX is so similar to the famous ROLEX mark that, if used in connection with watches and jewelry, the RLX mark would be likely to cause confusion or suggest an association between the two companies that does not exist.  *See id*. at ¶¶ 6-7.

At the time of Rolex's objection, PRL's intent-to-use application seeking to register RLX for goods including watches and jewelry had just been published for opposition by the USPTO.  In response to Rolex's objection, PRL did not drop its application for RLX as requested but instead immediately filed two new applications, claiming an intent to use the marks RLX RALPH LAUREN and RALPH LAUREN RLX for "watches and jewelry."  *See id*. at ¶¶ 8-9.

Rolex opposed all three applications.  *See id*. at ¶¶ 10-12.  Rolex's opposition to the application to register the RLX mark was sustained when PRL abandoned the RLX application.  *See id*. at ¶ 13.  The parties continued to litigate before the TTAB PRL's efforts to register the marks RLX RALPH LAUREN and RALPH LAUREN RLX for watches and jewelry.

In 2012, the TTAB dismissed Rolex's opposition against the two remaining marks.  *See id*. at ¶ 14.  The TTAB reached its decision by discounting the presence of RLX in the two marks

and focusing instead almost entirely on the RALPH LAUREN element of the marks. *See generally* Ex. A, TTAB Decision.[1] Rolex disagrees with the TTAB's analysis and filed this action pursuant to 15 U.S.C. § 1071(b)(1), seeking judicial review and reversal of the TTAB decision. *See* Amended Complaint (Dkt. No. 20) at ¶ 1.

During discovery in this case, Rolex requested all documents regarding PRL's use or plans to use the marks RLX RALPH LAUREN and/or RALPH LAUREN RLX for watches and jewelry. *See* Undisputed Facts at ¶ 22. Rolex also took a 30(b)(6) deposition of PRL on this and other topics.

PRL produced no documents demonstrating either any use or any intent to use either the RLX RALPH LAUREN mark or the RALPH LAUREN RLX mark for watches and jewelry at the time PRL filed applications for those marks on January 23, 2006 or at any later date. *See id*. at ¶¶ 24-31. Indeed, the only documentary evidence on the issue contemporaneous with the PRL application filings is Rolex's protest letter, dated days before the PRL trademark filings. *See id*. at ¶ 7; Ex. B. This confirms that PRL filed the applications as a legal maneuver in response to Rolex's impending objection to the RLX mark and not as the result of any PRL business plans to use the new marks for which it filed the applications at issue, RLX RALPH LAUREN and RALPH LAUREN RLX. There were no PRL business plans referring to use of either of these marks for watches and jewelry when the applications were filed in 2006. In fact, PRL has no registration in any class of goods for either mark.

---

[1] All exhibits referred to herein are attached to the accompanying Declaration of Kathleen E. McCarthy filed in support of Rolex's motions, or, in the case of confidential exhibits, to be separately filed under seal or pursuant to further order of the court.

Due to this development in discovery, Rolex amended its Complaint to add a count asserting that the PRL applications were void due to PRL's lack of bona fide intent to use the marks when the applications were filed. *See* Amended Complaint (Dkt. No. 20) at ¶¶ 50-57.

Rolex next took the deposition of PRL's 30(b)(6) witness, Jeffrey Morgan, President of Global Product Licensing for PRL's parent corporation, Ralph Lauren Corporation. ███████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ .

After Mr. Morgan's deposition, PRL answered Rolex's amended complaint and filed a counterclaim seeking a declaratory judgment that PRL's alleged planned use of RLX RALPH LAUREN or RALPH LAUREN RLX on jewelry or watches does not infringe Rolex's rights in

---

[2] ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████ As the TTAB correctly noted in its 2012 decision, however, the Suunto watch did not use either of the marks at issue. *See* Ex. A, TTAB Decision at 25 n.40.

the ROLEX mark.  *See* PRL's Answer to Amended Complaint (Dkt. No. 21) ("PRL Answer") at 13-14.

In its counterclaim, PRL asks the Court to grant PRL an unqualified right to sell potential RLX RALPH LAUREN or RALPH LAUREN RLX watches and jewelry in the future despite the fact that PRL has no prototype products, no past products, no current products, and no current plans for such products.  While Rolex believes that use of RLX on a watch – with or without RALPH LAUREN – is likely to infringe and dilute Rolex's rights, the issues presented by Rolex's potential infringement and dilution claims are not ripe for determination by this Court because they are, at this stage, at best hypothetical future claims.  Rolex would not be able to fully and fairly present the details of its claims, and the Court would not be able to fully assess the likelihood of either confusion or dilution, when there are not only no relevant PRL products but also no prototypes and no plans for such products.

Discovery in this case has also confirmed that PRL is seeking to secure trademark registrations for the two marks at issue solely as a means to bolster its legal position, even though it did not have the required bona fide intent to use the marks at the time the applications were filed.  If PRL was able to secure federal registrations for either RLX RALPH LAUREN or RALPH LAUREN RLX, for example, those registrations could bar any future state law dilution claim by Rolex due to 15 U.S.C. §1125(c)(6).

It would be manifestly unfair for the court to allow PRL to use the declaratory judgment act and the trademark intent-to-use filing system – both of which are meant to protect businesses with legitimate, actual plans to use marks – to bolster its legal position and give PRL a blank check allowing use of problematic marks when PRL had and has no plans to use the marks at issue.

Because there is and never has been any RLX RALPH LAUREN or RALPH LAUREN RLX watch or jewelry, no plans for such products at the time of the application filings, and no current plans for such products, Rolex's motions should be granted.

## ARGUMENT AND CITATION OF AUTHORITIES

I.  PRL'S DECLARATORY JUDGMENT COUNTERCLAIM SHOULD BE DISMISSED BECAUSE IT SEEKS AN IMPROPER ADVISORY OPINION.

A.  PRL Cannot Meet Its Burden to Establish Declaratory Judgment Jurisdiction.

PRL's counterclaim purports to assert a claim under the Declaratory Judgment Act, 28 U.S.C. §2201.  PRL asserts that an "actual controversy [exists] concerning PRL's right to use its trademarks RLX RALPH LAUREN and RALPH LAUREN RLX for watches and jewelry."  PRL Answer at 10, ¶ 8.

PRL bears the burden of proving by a preponderance of the evidence that the Court has jurisdiction to hear PRL's declaratory judgment counterclaim.  *Bruce Winston Gem Corp. v. Harry Winston, Inc.*, No. 09–cv-7352, 2010 WL 3629592 at *1 (S.D.N.Y. Sept. 16, 2010) (quoting *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)).  Declaratory judgment actions cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  PRL must establish that an "actual controversy" exists between the parties and that this controversy existed at the time the counterclaim was filed.  *See Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004).  The controversy must be definite and concrete. *MedImmune,* 549 U.S. at 127.

There is no dispute regarding any mark currently used or actively planned to be used by PRL.  Rolex does not object to any current use by PRL of the RLX mark (with or without

RALPH LAUREN) for clothing or the other items sold in PRL's current RLX line.  While Rolex believes that any future use or registration by PRL of the RLX mark (with or without RALPH LAUREN) *for watches or jewelry* will infringe and dilute Rolex's rights, the facts show that PRL has no use or plans for use of these relevant marks, RLX RALPH LAUREN or RALPH LAUREN RLX, for the relevant goods, i.e., watches or jewelry.[3]

To establish jurisdiction, PRL must show that PRL has engaged in a course of conduct that evidences "a definite intent and apparent ability to commence use of the [allegedly infringing] marks." *Bruce Winston*, 2010 WL 3629592 at *4.  PRL must show more than a "vague or general desire" to use the marks in commerce.  *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596 (2d Cir. 1996) (per curiam), *abrogated on other grounds by MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007).  PRL must be engaged, at a minimum, in "meaningful preparation" to use the marks at issue.  *Id*.

PRL has not alleged any such meaningful preparation to use the marks at issue on the goods at issue.  Instead, PRL bases its counterclaim on a hypothetical set of facts and a general statement that it seeks to "avoid further harm to and uncertainty in its business."  *See* PRL Answer at 10, ¶ 7; PRL Answer at 14, ¶ 27.  In such circumstances, the Court does not have subject matter jurisdiction and the counterclaim must be dismissed.  *See Bruce Winston*, 2010 WL 3629592.

---

[3] In fact, PRL does not appear to currently use – or use in any significant manner – the marks RLX RALPH LAUREN or RALPH LAUREN RLX for *any* products, including for clothing.  PRL's current use of the RLX mark in its clothing line is largely, if not exclusively, use of the mark RLX alone.  *See, e.g.,* Ex. L (exemplary RLX-branded products from PRL's website).

B.	PRL Has No Plans to Use the Relevant Marks on Relevant Goods.

Notably absent from PRL's counterclaim is any allegation regarding PRL's use of, or plans for use of, either of the marks at issue for watches and jewelry. Indeed, PRL's counterclaim does not provide any details regarding sales or plans for sales by PRL of any watches or jewelry, much less watches or jewelry bearing the RLX RALPH LAUREN or RALPH LAUREN RLX marks. At most, PRL alleges that it owns and uses several marks, including the RLX mark and the RALPH LAUREN mark, and that PRL has used these and other marks for various products in general categories such as clothing, accessories, "home" and fragrances.

PRL does not even allege any actual current use of either mark at issue here, the RLX RALPH LAUREN mark or the RALPH LAUREN RLX mark, for *any* goods. PRL appears to use both marks *separately* for clothing. Ex. L. In order to secure a registration for either RLX RALPH LAUREN or RALPH LAUREN RLX, however, PRL would need to demonstrate that the two mark elements – "RLX" and "RALPH LAUREN" – are used in a way that will be perceived as components of a unitary mark that presents a single, distinct commercial impression, and not as two separate, distinct marks that are presented spaced apart from each other. *See In re Supreme Steel Framing System Ass'n, Inc.*, 105 U.S.P.Q.2d 1385 (T.T.A.B. 2012).

PRL suggests that the long ago discontinued use of RLX in connection with the Suunto Vector watch shown on page 8 of PRL's answer and counterclaims amounts to use of the marks at issue because the Suunto Vector watch shows up on a page of the Ralph Lauren website the bears the RALPH LAUREN mark in a page header. This use – with RLX separated from and spatially unrelated to RALPH LAUREN – would not pass muster at the USPTO as use of either

RLX RALPH LAUREN or RALPH LAUREN RLX, as the *Supreme Steel* case demonstrates. In *Supreme Steel*, the TTAB rejected applicant's efforts to register the mark "SSFSA CERTIFIED CODE COMPLIANT" relying on the specimen below, which shows use of the mark element "SSFSA" separate and spaced apart from the remainder of the claimed mark:



The RALPH LAUREN and RLX marks are even more removed from one another – and have a significant amount of intervening text – in the website print showing the Suunto Vector watch:



In addition, PRL's 30(b)(6) witness testified as follows,



- 9 -



- 10 -



C.   PRL's Counterclaim Asks the Court for an Improper Advisory Opinion.

Claims such as PRL's that involve "contingent future events that may not occur as anticipated, or indeed may not occur at all," will not sustain declaratory judgment jurisdiction. *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (quotation omitted). As the Supreme Court explained in *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941):

> [t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

If an actual controversy exists, then declaratory judgment jurisdiction may appropriately be exercised. If no such controversy exists, however, the courts are prohibited from rendering an advisory opinion which would be beyond the constitutional power of the courts. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).

PRL's counterclaim plainly seeks an advisory opinion, as it relates to the use of marks on products that are not used or even currently planned for use by PRL. PRL's counterclaim allegations therefore stand in sharp contrast to the facts in other cases in which the courts found an actual controversy, not a mere request for an advisory opinion, even though there was no product yet on the market:

- In *Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996), Starter demonstrated the imminent intent and ability to use its house marks on athletic footwear by providing the district court with a sample, prototype shoe of the type intended for sale to consumers. There was "no uncertainty as to how [Starter] will use its House Marks on its athletic footwear." In contrast, PRL has no prototype and has not even shown how it plans to use the marks at issue.

- In *Poly-America, L.P. v. Stego Industries, L.L.C.*, 694 F. Supp. 2d 600 (N.D.Tex. 2010), Poly-America had already produced 80,000 lbs of the allegedly infringing yellow vapor-barrier sheeting product. In contrast, PRL has no production and no current plans for any production.

- In *AARP v. 200 Kelsey Assc.'s, LLC*, No. 06-cv-81, 2009 WL 47499 (S.D.N.Y. Jan. 8, 2009), 200 Kelsey had advanced significantly beyond the statement of intent to use the mark by actively seeking licensees to publish the magazine, conducting extensive analysis of the publishing industry, and generating written business plans concerning the design and sale of the magazine. In contrast, PRL has no activity with respect to the use of the marks at issue on the products at issue.

- In *Menashe v. V Secret Catalogue Inc.*, 75 U.S.P.Q.2d 1577 (S.D.N.Y. 2005), Menashe had registered a domain name, conducted press interviews and photo shoots, retained a web designer, found a manufacturer, and paid for the production and received 400 samples of the product, as well as 8 final articles for use as prototypes. In contrast, PRL has not shown any such activity involving the marks and goods at issue.

D.     <u>The Court Should Decline to Exercise Jurisdiction over PRL's Counterclaim.</u>

A district court has discretion as to whether or not to "declare the rights and other legal relations of any interested party." *MedImmune*, 549 U.S. at 136 (citing 28 U.S.C. § 2201(a)). In the Second Circuit, "a court must entertain a declaratory judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992) (citing *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)).

In this case, as in the *Bruce Winston* case, a declaratory judgment will not serve a useful purpose:

> [T]here are significant factors that militate against exercising jurisdiction. The issues in this case are hypothetical because [Rolex] do[es] not object to the activities that [PRL] is now pursuing, and any declaratory judgment action would necessarily entail advisory opinions into how far [PRL] can go in its future activities without infringing on [the ROLEX mark]. This is the type of declaratory judgment action which, if not actually foreclosed by the case or controversy requirement, is still too abstract to serve a useful purpose and is unlikely to end uncertainty and controversy between the parties.

*Bruce Winston*, 2010 WL 3629592 at *6. Like the defendant in *Bruce Winston*, Rolex "rightly object[s] to the use of a declaratory judgment action to construct the future framework of the

- 13 -

interaction between the parties in the absence of a specific dispute about an imminent activity." *Id.* at *5.

This is not a situation where PRL is on the verge of some commercial activity that is likely to bring the parties into court. ▌

▌ The legal controversy at issue here concerns registrability of the marks based on PRL's applications – not use of the marks. It would serve no useful purpose for the court to accept jurisdiction to address an issue (use of the marks) that is not clearly defined ▌

▌ Attempting to address PRL's counterclaim at this junction and in a vacuum would not only provide an improper advisory opinion, it also would unfairly deprive Rolex of access to any of the facts regarding PRL's commercial products and promotions that would be necessary for Rolex's potential infringement and dilution claims to be adequately assessed and fully heard.[4]

II. ROLEX IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM THAT PRL LACKED A BONA FIDE INTENT TO USE THE RLX RALPH LAUREN AND RALPH LAUREN RLX MARKS AT THE TIME IT FILED ITS APPLICATIONS.

Summary judgment is appropriate where there is no genuine issue as to any material fact. FED. R. CIV. P. 56. Rolex must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden is then on PRL to set forth specific facts raising a genuine issue of fact for trial. *Id.* at 322-323. PRL must "go beyond

---

[4] Because there are no facts on which the Court could base any reasonable analysis of PRL's hypothetical "use," the Court would not be able to assess either (1) the relevant *Polaroid* factors that must be used determine a claim of infringement / likelihood of confusion, *see, e.g., Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492, 495 (2d Cir.), *cert denied,* 368 U.S. 820 (1961); or (2) the statutory factors that would need to be considered in connection with a dilution claim under 15 U.S.C. § 1125 (c)(2)(B).

the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. "The mere existence of a scintilla of evidence in support of the [PRL's] position will be insufficient; there must be evidence on which the [fact finder] could reasonably find for [PRL]." *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

If PRL lacked a bona fide intent to use the RLX RALPH LAUREN and RALPH LAUREN RLX marks at the time it filed the applications at issue in January of 2006, the applications are void and Rolex is entitled to prevail in this action.[5] *See, e.g., Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 21 (D.C. Cir. 2008).

There is no dispute that PRL has no documents showing any intent to use the marks at issue before its applications were filed in January of 2006. PRL may assert that it had a subjective good faith intent to use the marks, but an applicant's "mere statement of subjective intent" alone is, as a matter of law, insufficient to establish a bona fide intent to use the mark in commerce. *Lane Ltd. v. Jackson Int'l Trading Co.*, 33 U.S.P.Q.2d 1351, 1356 (T.T.A.B. 1994). Whether PRL had a bona fide intention to use the marks in 2006 is an *objective* determination based on all the circumstances. *See Boston Red Sox Baseball Club LP v. Sherman*, 88 U.S.P.Q.2d 1581 (T.T.A.B. 2008).

The absence of documentary evidence constitutes sufficient objective proof that PRL lacked a bona fide intention to use its mark in commerce. *See Aktieselskabet*, 525 F.3d at 22; *Boston Red Sox*, 88 U.S.P.Q.2d 1581; *see also Commodore Electronics Ltd. v. CBM Kabushiki Kaisha*, 26 U.S.P.Q.2d 1503, 1507 (T.T.A.B. 1993); *PRL USA Holdings, Inc. v. Young*, Opp. No.

---

[5]  If the Court grants Rolex's motion as to Count II, the Court should reverse and vacate the TTAB decision and enter judgment in favor of Rolex, thereby terminating this action.

91206799, 2013 TTAB LEXIS 551 at *9-10 (T.T.A.B. Oct. 16, 2013) ("one way an opposer can establish its prima facie case of no bona fide intent is by proving that applicant has no documentary evidence to support its allegation in the application of its claimed bona fide intent to use the mark in commerce as of the application filing date.") (citing *Saul Zaentz Co. v. Bumb*, 95 U.S.P.Q.2d 1723, 1727 (T.T.A.B. 2010)).[6]

If a substantial marketing company like PRL in fact had bona fide plans to use either RLX RALPH LAUREN or RALPH LAUREN RLX in connection with watches and jewelry at the time the applications were filed in January 2006, at least some contemporaneous documents should be available demonstrating those plans. No such documents have been produced.

In addition to the complete absence of any documents that demonstrate PRL's bona fide intent to use the RLX RALPH LAUREN or RALPH LAUREN RLX marks on watches and jewelry at the time the applications were filed, other facts also support PRL's lack of the required bona fide intent to use these marks. These facts include:

- The fact that PRL filed the two applications at issue a mere four (4) days after Rolex notified PRL that Rolex would object to PRL's application seeking to register the mark RLX for watches;

- The absence of any use of either of the marks on jewelry;

- The absence of any plans to use either of the marks on jewelry;

- The absence of any use of the mark RALPH LAUREN RLX or the mark RLX RALPH LAUREN on any watch;

---

[6] In the *PRL USA Holdings* decision, PRL – the defendant in this action – was represented by the same counsel as are representing it in this action, and prevailed based on the applicant's absence of documentary evidence showing plans to use the mark that is the subject of the application. PRL is therefore fully familiar with the law on this issue.

- The absence of any plans to use the mark RALPH LAUREN RLX or the mark RLX RALPH LAUREN on any watch; and

- The absence of any other trademark filings in the United States for the mark RALPH LAUREN RLX or the mark RLX RALPH LAUREN for any products.

All of the facts, including the lack of documented plans from 2006, demonstrate that PRL's filing of the applications was a legal ploy intended to give PRL an advantage in its dispute with Rolex over RLX watches and was not due to any legitimate, good faith plan to actually use the marks RLX RALPH LAUREN or RALPH LAUREN RLX.  PRL should not be allowed to benefit from this legal ploy and PRL's applications should be declared void for lack of a bona fide intent to use the marks in commerce.

## CONCLUSION

For the foregoing reasons, Rolex respectfully requests that the Court grant Rolex's motions, dismiss PRL's Counterclaim, enter judgment in favor of Rolex on Count II of Rolex's Amended Complaint, direct the USPTO to show the PRL applications as void and abandoned, and enter judgment in favor of Rolex.

Dated:   February 25, 2014             Respectfully submitted,
         New York, New York

                                        /s/ Kathleen E. McCarthy
                                        Kathleen E. McCarthy (KM-9219)
                                        KING & SPALDING LLP
                                        1185 Avenue of the Americas
                                        New York, NY 10036
                                        212-556-2345
                                        kmccarthy@kslaw.com

                                        *Attorneys for Plaintiff*
                                        *Rolex Watch U.S.A., Inc.*